# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CHARLIE DEWAYNE SUMLER** | **CIVIL ACTION NO. 20-1102** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Charlie Dewayne Sumler, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. He attacks the sentence that the Fourth Judicial District Court, Ouachita Parish, imposed for his second-degree murder conviction. For reasons below, the Court should deny Petitioner's claim and dismiss his Petition.

## Background

The Louisiana Second Circuit Court of Appeal recounted the underlying state court procedural history as follows:

> In 1994, the defendant, Charles Sumler, was convicted of second degree murder, committed when he was a juvenile. He received the mandatory sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. His conviction and sentence were upheld on appeal. Following the *per curiam* decision in *State v. Montgomery*, 2013-1163 (La. 06/28/16), 194 So.3d 606, the trial court vacated Sumler's sentence and resentenced him to life imprisonment at hard labor, with the benefit of parole eligibility.
>
> . . .
>
> In 2014, in response to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Sumler filed a motion to correct illegal sentence. *Miller* held that a mandatory sentencing scheme that denies parole eligibility for those convicted of a homicide committed while the offender was a juvenile violates the Eight Amendment's prohibition against cruel and unusual punishment. The

> trial court initially denied that motion, but it was revived in 2016 after *Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), held that *Miller* applied retroactively to defendants whose convictions and sentences were final prior to the decision in *Miller*. On remand in *State v. Montgomery, supra*, the Louisiana Supreme Court directed that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which were enacted to comply with *Miller*, should also be applied to cases being resentenced retroactively on collateral review.
>
> Accordingly, Sumler and Shaw appeared before the trial court for a *Miller* hearing, *i.e.*, to consider the issue of parole eligibility. The trial court judge noted he had presided over Sumler's trial, and he was familiar with the facts and circumstances of the case. The judge noted that Sumler had been convicted as a principal in Johnson's homicide, and he was not the shooter. The trial judge specifically found that Sumler was not in the class of worst offenders and stated his intention to grant Sumler eligibility for parole. However, the trial court determined it did not have authority to set aside the jury's verdict of second degree murder, which had been upheld on appeal for Sumler and had already become final many years ago. The trial court also found that it had no authority to amend Sumler's sentence, which had also been upheld and become final, except to comply with *Miller*, *Montgomery*, and La. C. Cr. P. art. 878.1, to consider the possibility of parole for this juvenile offender.
>
> At the *Miller* hearing, the trial court admitted into evidence Sumler's presentence investigation ("PSI") report, as well as the records from the institution where Sumler had been incarcerated for the last 23 years. The trial court denied Sumler's request to present mitigating evidence after concluding that further evidence was unnecessary in light of the court's intention to simply grant Sumler's eligibility for parole.
>
> Sumler's motion to correct an illegal sentence was denied as moot, in light of the court's intended ruling. The trial court vacated Sumler's prior sentence and resentenced him to life imprisonment at hard labor, with the benefit of parole eligibility.

*State v. Sumler*, 219 So. 3d 503, 506 (La. Ct. App. 2017) (internal footnotes removed), *writ denied,* 299 So. 3d 72 (La. 2020).

After resentencing, Petitioner appealed, claiming that the trial court violated the *Ex Post Facto* Clause when it applied LA. CODE CRIM. PROC. art. 878.1 and LA. REV. STAT. 15:574.4. On May 2, 2017, the intermediate appellate court denied his claim, reasoning:

2

> [T]here is no *ex post facto* violation in applying La. C. Cr. P. art. 878.1 and La. R.S. 15;574.4(E) to Sumler's case because his potential sentence is not more severe than the prior potential sentence and does not subject him to a longer incarceration than the prior potential sentence. After his resentencing, Sumler is subject to a lesser sentence than before—life imprisonment ***with*** parole eligibility instead of ***without*** parole eligibility. Furthermore, because juvenile homicide offenders had no potential sentence that included parole eligibility in 1993, Sumler is precluded from arguing that he is now subject to harsher parole conditions.

*Sumler*, 219 So. 3d at 510.

On July 24, 2020, the Supreme Court of Louisiana denied Petitioner's subsequent application for writ of certiorari as untimely under LA. S. CT. R. X § 5. *State v. Sumler*, 299 So. 3d 72 (La. 2020).

Petitioner filed this Petition on August 20, 2020,[1] claiming that the trial court violated his "protection against ex post facto by" sentencing him to life with the possibility of parole. [doc. # 7, p. 5]. He adds: "Defendant present in the interest of justice and protection against ex post facto, instead of new sentence to parole, his sentence should reflect the downward departure of sentencing laws that were in effect during the time of the commission of his offense. [sic]." *Id.* He asks the Court to vacate his sentence "to the sentence that exist[ed] at the time of his offense." *Id.* at 15.

## Law and Analysis

**I. Standard of review**

Federal courts may provide habeas corpus relief to a state prisoner under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under Section 2254(d), after a state court has adjudicated a prisoner's claims on the merits, an

---

[1] [doc. # 1, p. 16].

3

application for a writ of habeas corpus may be granted only if the petitioner shows that the adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Review under § 2254(d)(1) is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A decision is "contrary to" clearly established law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A decision involves an "unreasonable application" of clearly established law "if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." *Id.* (citing *Williams*, 529 U.S. at 407-08). "Clearly established law" refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of relevant state-court decision." *Williams*, 529 U.S. at 412.

Section 2254(d)(2) involves a challenge to factual determinations made by state courts. *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014). Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(1).

A federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). An adjudication is "on the merits" when "the state court resolves the case on substantive grounds, rather than procedural grounds." *Id.* at 946-47. A federal court reviews de novo a claim not adjudicated on the merits in state court. *Hoffman*, 752 F.3d at 437.

**II. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 22254 Cases, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." See *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

"The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. § 2254 Rule 4 Advisory committee Notes).

**III. Exhaustion**

Petitioner concedes that he did not exhaust his claim before the Supreme Court of Louisiana, but he maintains that his appellate attorney's ineffective assistance caused his failure

5

to exhaust. [doc. # 7, pp. 5, 13-14]. That said, "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); see also *Engle v. Isaac*, 456 U.S. 107, 121 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."). The Fifth Circuit Court of Appeals has suggested that district courts may summarily dismiss a petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim," *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999), or if "the court is convinced that the petitioner's claims lack merit," *Cox v. Stephens*, 602 F. App'x 141, 144 (5th Cir. 2015).

Below, the undersigned recommends summarily dismissing Petitioner's claim on its merits; the undersigned does not address exhaustion.[2]

**IV. Merits**

As above, Petitioner claims that the trial court violated his "protection against ex post facto by" sentencing him to life with the possibility of parole. [doc. # 7, p. 5]. He adds: "Defendant present in the interest of justice and protection against ex post facto, instead of new sentence to parole, his sentence should reflect the downward departure of sentencing laws that were in effect during the time of the commission of his offense. [sic]." *Id.*

"No State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. I, § 10, cl. 1.

---

[2] Petitioner filed this Petition well after his conviction became final following resentencing. Recommending dismissal on the merits, the undersigned declines to opine on the timeliness of this Petition. See *Day v. McDonough*, 547 U.S. 198, 205 (2006) (noting that a statute-of-limitations defense is not jurisdictional).

A change in a law violates the *Ex Post Facto* Clause if it "changes the punishment and inflicts a greater punishment than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798). "Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by [the Supreme Court] that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). Retroactive application of a law violates the *Ex Post Facto* Clause only if it: (1) "punish[es] as a crime an act previously committed, which was innocent when done;" (2) "make[s] more burdensome the punishment for a crime, after its commission;" or (3) "deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." *Id.* at 52.

Here, the trial court resentenced Petitioner to life imprisonment with the benefit of parole eligibility, an *improvement* from his prior sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. The trial court, in other words, did not increase his sentence, disadvantage him, or 'make' his punishment more burdensome. Thus, the trial court did not violate the *Ex Post Facto* Clause, and the state appellate court's decision on Petitioner's claim was therefore not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.

It plainly appears from Petitioner's petition that he is not entitled to relief, it is perfectly clear that Petitioner does not raise a colorable federal claim, and the Court is convinced that Petitioner's claim lacks merit. Accordingly, the Court should summarily dismiss Petitioner's Petition.

### Conclusion

For reasons above, **IT IS RECOMMENDED** that Petitioner Charlie Dewayne Sumler's Petition for writ of habeas corpus be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Monroe, Louisiana, this 23rd day of September, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

8